IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMONTE ALLGOOD,

                                                    OPINION AND ORDER

                         Plaintiff,

                                                         18-cv-775-bbc

            v.

DEBRA HERT, DREW WEYCKER
and KYLE PEOTTER,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Jamonte Allgood is incarcerated at the Green Bay Correctional Institution.

He filed this proposed civil action under 42 U.S.C. § 1983, contending that correctional

officers at the Green Bay institution violated his constitutional and state law rights by using

excessive force against him.  Since filing his complaint, plaintiff has filed an amended

complaint that I will consider as the operative pleading in this case.  Dkt. #17.  Because

plaintiff is incarcerated, his complaint must be screened under 28 U.S.C. § 1915A.

After reviewing plaintiff's pleadings, I conclude that plaintiff may not proceed with

this proposed civil action because it is duplicative of his ongoing lawsuit against the same

defendants.  Allgood v. Hert, et al., 17-cv-812-bbc.  In particular, plaintiff's allegations in

this case concern excessive force used by defendants Poetter, Weycker and Hert in July

2017, after plaintiff requested a pen in the prison law library.  Plaintiff's allegations are

nearly a verbatim copy of those in this court's screening order in his other case, dkt. #11 in

17-cv-812-bbc.  Plaintiff does not explain why he filed a new case based on these same

allegations.

1

The only difference I can discern between the two cases is that plaintiff has identified state law assault and battery claims in this case that he did not include in the earlier case. However, if plaintiff wants to proceed on state law claims against defendants, he must file a motion in his ongoing case for permission to amend his complaint to proceed on state law claims. Plaintiff should be aware that I would consider granting such a motion only if plaintiff states that he has complied with Wisconsin's notice of claim statute, Wis. Stat. § 893.82, by notifying the attorney general about his state law claims before bringing his lawsuit.

Finally, plaintiff has filed a motion for assistance in recruiting counsel, dkt. #7, and a motion for a court order to use his legal loan, dkt. #18. In plaintiff's ongoing case, 17-cv-812-bbc, I have denied multiple requests filed by him, requesting court assistance in recruiting counsel. The motion he filed in his new proposed case includes no new information that would alter my previous conclusion that the complexities of this case do not outweigh plaintiff's abilities to litigate it on his own. With respect to his request for a legal loan, plaintiff should direct that request to the prison. This court does not have authority to grant plaintiff a legal loan.

For the reasons explained above, I will close this case, direct the clerk of court to refund plaintiff's initial partial payment of the filing fee and cease collection of the remaining portion of the filing fee.

ORDER

IT IS ORDERED that

1. Plaintiff Jamonte Allgood's motion for assistance in recruiting counsel, dkt. #7, and motion for a legal loan, dkt. #18, are DENIED.

2. This case is DISMISSED as duplicative of plaintiff's ongoing case, 17-cv-812-bbc. The clerk of court is directed to close this case, refund plaintiff's initial partial payment of $0.34, and cease collection of the remaining portion of the filing fee.

Entered this 27th day of November, 2018.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge